IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-187-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM LEE PAIT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 67) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 8, 2013, defendant pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). On September 2, 2013, the court[1] sentenced defendant to 600 months' imprisonment and a life term of supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First

---

[1] The district judge that presided over defendant's plea proceedings and sentencing has since retired, and this matter was reassigned to the undersigned to address post-conviction matters.

Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[2] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health

---

[2] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

<blockquote>
<blockquote>
because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
</blockquote>

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).
</blockquote>

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

In addition, the court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. <u>See</u> <u>Kibble</u>, 992 F.3d at 330–32; <u>McCoy</u>, 981 F.3d at 275; <u>see also</u> <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020). Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

3

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant has not established extraordinary and compelling reasons for compassionate release. Defendant is fully vaccinated against COVID-19, (see DE 74-1 at 7–9), which provides a high degree of protection against developing severe illness. United States v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). And while defendant suffers from obesity, diabetes, and hypertension, defendant has not established the conditions overcome the protective effect of the vaccine. See Salas, 2023 WL 3918695, at *2.

Alternatively, the § 3553(a) factors weigh heavily against compassionate release.

4

Defendant's egregious criminal history includes two offenses in which he attempted to sexually abuse minor children. (PSR (DE 51) ¶¶ 8, 19). Following the first such offense, defendant failed to enroll in sex offender treatment or comply with other terms of probation. (Id. ¶ 19). Instead, less than one year after his release from imprisonment on the first offense, defendant again attempted to kidnap and sexually abuse a minor girl. (Id. ¶ 8). At the designated meeting place, defendant approached the victim from behind, placed his hand over her mouth, and stated "shut up and don't scream." (Id.). Defendant then attempted to force the victim into his vehicle but she resisted and ultimately fought off the advances. (Id.). During the struggle, defendant grabbed the victim's breasts and slammed her head into the bed rail of his vehicle. (Id.).

Further investigation established defendant manufactured child pornography on his computer, leading to the instant federal offense. (Id. ¶¶ 9–11). Defendant falsely presented himself as a 17-year-old boy online and persuaded at least one victim to engage in sexually explicit acts that he recorded. (Id. ¶ 9). The search of defendant's cellphone also revealed numerous contacts with additional minors in which defendant attempted to arrange meetings or send nude photographs. (Id. ¶ 10). In light of this offense conduct and criminal history, a sentence of time served would not accomplish the goals of sentencing, even when the § 3553(a) factors are reconsidered in the context of the COVID-19 pandemic.

Defendant argues that his post-sentencing conduct justifies a sentence reduction. The court commends defendant for his record of achievement in custody, which includes maintaining employment, taking courses that address his risk of recidivism and other issues, completing his GED, and maintaining a clear disciplinary record. Defendant also has accepted responsibility for his offense conduct, and he has a detailed release plan that includes securing employment and

abiding by his lifetime supervised release conditions. These factors, however, do not justify a sentence reduction when weighed against the offense conduct and criminal history described above. As the sentencing judge explained in imposing the statutory maximum term of imprisonment, "this court, having dealt with [sex offenders] on many occasions, finds [defendant's case] to be one of the worst the court has ever been involved with." (Sent'g Tr. (DE 61) at 15). This court agrees. A sentence of time served (approximately 112 months), simply will not accomplish the goals of sentencing.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 67) is DENIED.

SO ORDERED, this the 18th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:12-cr-00187-FL   Document 77   Filed 07/18/23   Page 6 of 6